ORIGINAL

FILED
APR 0 3 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY /s/ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VARGAS-JURIEL,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Respondent. | )<br>)<br>)<br>) Cr. No. 08-1217GT<br>) Cv. No. 08-1234GT<br>)<br>) **ORDER**<br>)<br>)<br>) |

    On July 9, 2008, Petitioner, Carlos Vargas-Juriel ("Mr. Vargas"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. The Court has fully considered this matter, including a review of Mr. Vargas' brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Vargas' Motion to Modify Sentence is **DENIED**.

    First, Mr. Vargas pled guilty, pursuant to a written plea agreement, to one count of False Statement to a Federal Officer, in violation of 18 U.S.C. § 1001. In the written plea agreement, Mr. Vargas explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See*, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Vargas expressly waived his statutory right to appeal or collaterally attack his sentence

in his plea agreement, Mr. Vargas is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Vargas had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. Mr. Vargas prays for relief because he has a family in Tijuana, Mexico who needs him. While this is all too common and unfortunate, the Court can not grant any relief unless "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003), citing United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). That his family needs him and his support in not such a claim. Accordingly,

**IT IS ORDERED** that Mr. Vargas's Motion to Modify Sentence is **DENIED**.

**IT IS SO ORDERED.**

4-2-09
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter         Petitioner